610 So.2d 209 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Pamela C. ALBRITTON and Jerome August, Defendants-Appellants.
No. 91-1335.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
*210 Bennett R. LaPoint, Jennings, for plaintiff-appellee.
Daniel F. Becnel, Jr., Reserve, for defendants-appellants.
Before: LABORDE and THIBODEAUX, JJ., and CULPEPPER[1], J. Pro Tem.
LABORDE, Judge.
This case involves the seizure and forfeiture of $5,530.00 from defendants, Jerome August and Pamela Albritton pursuant to La.R.S. 40:2612. Defendants appealed alleging the forfeiture was improper for various reasons. Finding no merit in their four assignments of error, we affirm.

FACTS
This case arises out of circumstances leading to the seizure and forfeiture of certain items belonging to defendants pursuant to La.R.S. 40:2612. The facts relating to this forfeiture began on May 10, 1991 when Officer Chester Kowalski of the Jefferson Davis Parish Sheriff's Office stopped a vehicle on Interstate 10 for an expired license plate. Three persons were in the car and all gave conflicting statements concerning their travel. In addition, both August, the driver, and Albritton, the owner, appeared very nervous in demeanor. Because the conflicting stories and the defendant's demeanor aroused suspicion in Officer Kowalski, he inquired of August whether there were any drugs, guns, or large sums of U.S. currency in the car. August admitted there was between three and five thousand dollars in the car. Officer Kowalski then obtained permission from Albritton to search the car, but no money was found. However, two motorola beepers were discovered by the officer which are known among law enforcement personnel to be commonly used by narcotic traffickers. Officer Kowalski also found a small scale within the vehicle, and consequently summoned a certified K-9 unit. The K-9 made two positive alerts on Albritton's purse. A search of Albritton's purse revealed $5,530.00 in small denominations. When questioned about the money, the defendants *211 once again had conflicting stories. A criminal history check revealed an arrest of Albritton in Tangipahoa Parish for possession of over two ounces of crack cocaine. August also had a felony cocaine drug arrest in 1990 in the same area, and Albritton was out on bond at the time of the stop for possession of cocaine. Furthermore, information received from law enforcement officers in Tangipahoa Parish advised the Jefferson Davis Parish authorities that both Albritton and August were known to be heavily involved in crack cocaine trafficking.
As a result of this traffic stop, the Jefferson Davis Parish Sheriff's office seized the currency and the two beepers based on the belief that they were being used or were intended to be used to facilitate the acquisition of illegal narcotics in violation of La.R.S. 40:967. The defendants received a Notice of Pending Forfeiture which they answered. The state then filed a rule to test the sufficiency of the bond filed with the answer, and on the date of the hearing, the court rendered a judgment on the rule striking the bond and the answer from the suit record. The state then obtained a preliminary default and ultimately, a default judgment against defendants. Defendants then appealed asserting four assignments of error.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In their first two assignments of error, appellants argue it was error for the trial court to rule the bond which they posted was unacceptable and to strike their answer and enter judgment against them without notification or a chance to rectify any errors contained in the bond.
Under La.R.S. 40:2612(E), the claimants in an in rem proceeding and forfeiture action shall file an answer accompanied by a bond to the court which shall be approved by the district court. Furthermore under the provisions of La.R.S. 40:2611(K), all proceedings under the Louisiana Forfeiture Statute shall be governed by the provision of the Louisiana Code of Civil Procedure. Therefore, the articles pertaining to bonds and judicial proceedings in Louisiana Code of Civil Procedure Articles 5121 et seq. are applicable. Under the Provisions of La.C.C.P. art. 5123, the sufficiency of a security bond may be tested by a rule to show cause. In this proceeding, the solvency of the surety may be tested and if the court is not satisfied with the solvency of the surety, the bond may be held deficient and the attempted action or relief supported by the bond may likewise be stricken. Furthermore, the word, "shall" as used in 40:2612(E) is mandatory and not permissive. Therefore, failure to comply with the bond requirements is detrimental to the claimants' position, and if the bond is found deficient, the trial court may strike his answer from the forfeiture proceedings. The trial court also has discretion to accept or reject the bond. In this case, the purported bond filed by the claimants was merely an affidavit executed by the claimant, Pamela Albritton, as surety and the claimant, Jerome August, as principal asserting that they were financially able to pay the cost. Defendants argue a bond should not be stricken merely because there may be mistakes in formalities. However, this was neither a cash bond or a bond furnished by a surety company recognized by the trial court. It was merely an affidavit attesting to defendants' solvency. Such an affidavit does not satisfy the requirement of the forfeiture statute. See, State of Louisiana v. Walker, 597 So.2d 484 (La.App.1st Cir.1992).
Finally, the claimants had a chance to prove the solvency of the surety on the trial of the rule under La.C.C.P. art. 5123. However, neither the claimants nor their attorney were present at the hearing on the rule to show cause despite being given adequate notice and personal service of the rule and the court date on which the rule was to be heard. Therefore, defendants should not now be allowed to allege the trial court erred in determining the solvency of this bond.
As to defendants' argument that they were not notified of the insufficiency of the bond and given a chance to rectify it, La.C.C.P. art. 1913 only requires notification *212 of a default judgment not personally served or the signing of a final judgment. La.C.C.P. art. 1913 does not require notification of an interlocutory judgment. Therefore, defendants were not entitled to a notice of judgment on the rule to show cause striking the answer and bond from the record.
Even if notice of judgment would have been required under La.C.C.P. art. 1913, the only adverse effect of failing to give notice is that the delays for a new trial or an appeal do not begin to run. See, La.C.C.P. art. 1974. Therefore, the only defect, if any, created by failure to give notice of a judgment was cured by the defendants in these proceedings by timely filing their appeal. Accordingly, appellants' first two assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendants argue La.R.S. 40:2601 et seq. is unconstitutional since these statutes are used to deprive appellants of their property without due process of law. This issue is not properly before this court. In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), the Louisiana Supreme Court stated:
"The only assertions initially made by plaintiff in his response to the S & WB's application in the Court of Appeal and in his assignment of error in the writ application to this Court was that the trial judge correctly determined that he should follow La.C.C.P. art. 1812 in the plaintiff versus N.O.P.S.I. trial. Now, in this Court, in brief, he asserts for the first time that he should be permitted a jury trial against S & WB for the reason that La.R.S. 13:5105, barring jury trials against a governmental subdivision, is unconstitutional. For the following reasons that argument will not be considered here. The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Johnson v. Welsh, 334 So.2d 395 (La. 1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and cases cited therein. The plea of unconstitutionality must be specially pleaded to be considered by the court. Johnson v. Welsh, 334 So.2d 395 and cases cited therein. No assertion of unconstitutionality was pleaded prior to the brief filed in this Court. Furthermore, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art. 1880. The Attorney General was not served nor was he made a party to this action. Accordingly, we do not reach the issue of the constitutionality of La.R.S. 13:5105."
In this case, the constitutionality of La. R.S. 40:2601, et seq. was not properly questioned in the trial court. The plea of unconstitutionality was not specially pleaded in defendants' answer which was ultimately stricken from the record, nor was the Attorney General served with any pleadings or made an indispensable party to the action in the Court below. The very first mention of unconstitutionality was raised in defendants' brief to this court. Accordingly, this issue is not properly before this court, and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, defendants argue there was insufficient evidence to show that the property seized was subject to forfeiture.
La.R.S. 40:2601 et seq. referred to as the "Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989" is a relatively new statute effective December 31, 1989. La.R.S. 40:2603 sets forth the conduct giving rise to forfeiture which is generally violating any provision of La. R.S. 40:961 et seq. while La.R.S. 40:2604 lists the property subject to forfeiture as follows:
§ 2604. Property subject to forfeiture
The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related *213 to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:
(1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.
(2) All property that is either:
(a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 et seq.
(b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
(3) Proceeds of any conduct giving rise to forfeiture.
(4) All weapons possessed, used, or available for use in any manner to facilitate conduct giving rise to forfeiture.
(5) Any interest or security in, claim against, or property or contractual right of any kind affording a source of control over any enterprise that a
person has established, operated, controlled, conducted, or participated in the conduct of through conduct giving rise to forfeiture.
Property may be seized without a warrant if there is probable cause to believe the property is subject to forfeiture. La.R.S. 40:2606(B). The statute also sets forth procedures for commencement of forfeiture proceedings, property management and preservation, and filing of claims and exemptions.
In a judicial in rem proceeding pursuant to La.R.S. 40:2612, the district attorney shall have the initial burden of proving the existence of probable cause for forfeiture of the property. La.R.S. 40:2612(G). If the state establishes probable cause, then the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture. State of Louisiana v. Seventy-Seven Thousand Fourteen Dollars, 607 So.2d 576 (La.App. 3d Cir.1992).
Because no reported Louisiana case has defined probable cause in the context of forfeiture proceedings, reference to the federal statute which is the source of La.R.S. 40:2601 et seq., and reference to the federal jurisprudence interpreting and applying this statute will be helpful. La. R.S. 40:2601 is derived from 21 U.S.C. section 881. Both the state and federal forfeiture statutes permit forfeiture of property upon a showing of probable cause for the belief that a connection exists between the property to be forfeited and a violation of narcotics laws, and the failure of a claimant to establish, by a preponderance of the evidence, a legitimate source of the property. Probable cause is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." It may be established by demonstrating "`by some credible evidence, the probability that the money was in fact drug related.'" U.S. v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir. 1990). "Probable cause can be established by circumstantial or hearsay evidence." The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity. Rather in forfeiture actions, the government merely must demonstrate the existence of probable cause for belief that a substantial connection exists between the property to be forfeited and the illegal drug transaction. Furthermore, it is not necessary that the government trace the property to a particular drug transaction. Rather, it is the totality of the circumstances that leads to a finding of probable cause. This evidence goes beyond a mere suspicion. It must be judged not with clinical detachment but with a common sense view to the realities of normal life. U.S. v. One 1987 Mercedes 560 SEL, supra.
In this case, the aggregate of the facts satisfies the probable cause standard. First, when stopped, the occupants *214 of the vehicle appeared very nervous. Next the occupants gave conflicting stories regarding their travel. Officer Kowalski then found a small scale commonly used for weighing cocaine in the center console of the vehicle. The presence of drugs or drug paraphernalia is particularly persuasive for the establishment of probable cause. See, U.S. v. Padilla, 888 F.2d 642 (9th Cir.1989). Furthermore, a criminal history check indicated August was arrested for distribution of a controlled dangerous substance, and Albritton stated that she was arrested with two and one-half ounces of crack cocaine in Hammond, Louisiana. Officer Kowalski also found two motorola beepers within the vehicle, and it is common knowledge among law enforcement officers that beepers are generally used by narcotics traffickers. Another factor which supports that probable cause exists is the fact that the K-9 brought to the scene alerted twice to Albritton's purse where the money was ultimately found. Carrying a large sum of cash is "strong evidence" that the money is related to illegal drug activity even without the presence of drugs or drug paraphernalia. U.S. v. $215,300 U.S. Currency, 882 F.2d 417 (9th Cir.1989). So, too, is the positive canine alert for the presence of narcotics on seized currency. U.S. v. $215,300 U.S. Currency, supra.
Later investigations by the arresting officers also indicated the defendants were both major crack cocaine dealers in the Hammond, Louisiana area and that telephone tolls obtained on Albritton's phone indicated many numbers were to pay phones in high narcotic areas. This evidence further supports our holding that the state met its burden of proof since probable cause is not tested at the time of seizure but as of the time of the probable cause hearing. U.S. v. "Monkey", 725 F.2d 1007 (5th Cir.1984). These factors combined with the officers testimony at the hearing to confirm the default and the arresting officer's offense report, which is admissible hearsay evidence to establish probable cause, is sufficient for a finding of probable cause. We therefore find that the state has satisfied the probable cause standard.
Since the government established probable cause, the burden shifted to the claimants to prove by a preponderance of the evidence that the money came from an independent, non-drug-related source. Since failure to refute the government's showing of probable cause results in forfeiture, forfeiture was proper in this case. Accordingly, this assignment of error lacks merit.

DECREE
The trial court judgment is affirmed. All costs of this appeal are assessed against defendants, Pamela Albritton and Jerome August.
AFFIRM.
NOTES
[1] Judge Culpepper, retired, participated in this decision as Judge Pro Tempore.