jjTHIBODEAUX, Judge.
This is a drug forfeiture case under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601 et seq. The State of Louisiana, through the District Attorney of the Thirty First Judicial District, appeals a directed verdict dismissing its in rem forfeiture proceeding against $29,177.00 in U.S. currency and a 1984 Chrysler Fifth Avenue. The forfeiture was challenged by Willie and Vera Mae Brown, the alleged owners of the property. The trial court granted a directed verdict because it found the state failed to establish probable cause for .the forfeiture and ordered the property returned. The state appealed. For the following reasons, we affirm.

JJSSUES

The state raises nine assignments of error which we condense into two issues:
*654 (1) Whether the state established probable cause for the forfeiture.
(2) Whether the trial court erroneously required the state to prove that Vera Mae Brown had knowledge of the conduct giving rise to the forfeiture.

FACTS

On November 15, 1991, a 1984 Chrysler Fifth Avenue, traveling west on Interstate 10 in Jefferson Davis Parish, was stopped for speeding by Jefferson Davis Parish Sheriff Deputy Mike Phillips. The car registered on radar gun a speed of 75 miles per hour in a 65 m.p.h. zone. The car was being driven by Arthur Motley and contained one passenger, Willie Brown.
Phillips asked Motley where he was going in such a hurry to which Motley replied he was trying to get to a funeral in Houston that afternoon. Phillips, believing Motley appeared nervous, questioned Willie Brown separately about their destination and Brown stated they were going to Houston to visit relatives. Based on Motley’s nervous appearance and their inconsistent stories, Phillips called on Sheriffs Deputy Chester Kow-alski for assistance.
Kowalski asked for consent to search the vehicle and Motley signed a consent to search form. A pat down search of Motley was performed first, which revealed a matchbox in one sock that contained chips of crack cocaine. A similar search of Brown produced nothing. A search of the interior of the car produced a brown jacket, determined later to be owned by Motley which contained, in one pocket, a pill bottle with crack cocaine.
A search of the trunk revealed a paper bag, which ^contained several stacks of cash in one thousand dollar bundles wrapped with rubber bands. The amount totalled $29,-000.00. Motley had an additional $177.00 on his person, which was also seized. Both men were arrested.
The car was impounded by the Narcotics Division. There, it was discovered that the floor of the trunk had what appeared to be marijuana “gleanings,” which were determined to be primarily the stems and seeds of marijuana plants, with some leaf pieces. Also discovered in a recessed area of the trunk was a yellow plastic cup, within which was a small brown bottle containing marijuana seeds. The seeds and the cash were approximately three to four feet apart. A narcotics dog was brought in and placed in the trunk where it sniffed at and scratched the paper bag containing the cash.
Thereafter, it was determined that the true owner of the vehicle was Vera Mae Brown, wife of Willie Brown. The car had been purchased on October 9,1991 and registered in the State of Alabama in her name.
Based on the foregoing, the vehicle and currency were seized under the Louisiana Forfeiture Act, La.R.S. 40:2601, et seq. The state then brought a Petition for Forfeiture In Rem on January 15, 1992. Willie and Vera Mae Brown filed a claim to challenge the forfeiture. In their claim, they alleged the money seized was intended for the purchase of farm trucks in Texas. They denied any knowledge or involvement in the trafficking of drugs.
Motley pled guilty to felony possession of cocaine. He was given one year suspended sentence and placed on probation. He is not a party in these proceedings.
Trial was held on March 11, 1993. The state presented the testimony of Deputy Phillips, who made the ^initial stop, Grady Thibodeaux, a state police officer in the Narcotics Division who was qualified as an expert in marijuana eradication and drug identification, and Rod Steed, an investigator with the district attorney’s office. Phillips testified primarily to the events surrounding the stop and the search of the car. Thibo-deaux testified, over objection, regarding the likelihood that the cash found in the trunk was to be used in conduct giving rise to the forfeiture. Steed testified concerning the investigation into Brown’s possible criminal behavior in Alabama.
Upon completion of the state’s evidence, counsel for the Browns moved for a judgment of involuntary dismissal on the grounds that the state failed to establish that Vera Mae Brown, as owner of the car, had any knowledge of it being used in conduct giving rise to forfeiture and failed to establish the *655 probable cause necessary for forfeiture of the property. The trial court granted the dismissal because it believed the state failed to meet its burden of proof for probable cause. From that ruling and subsequent judgment, this appeal was taken.

LAW & ANALYSIS

The main issue in this case is whether or not the state established probable cause for forfeiture. The errors alleged by the state concerning the trial court’s failure to give proper weight to the evidence are directly related to the trial court’s ultimate ruling and will be considered here.
La.R.S. 40:2612(G) states, in part, that “[t]he district attorney shall have the initial burden of showing the existence of probable cause for forfeiture of the property.”
In State v. Albritton, 610 So.2d 209, 213 (La.App. 3d Cir.1993), this court defined “probable cause” | ¡¡required for forfeiture proceedings and determined the proof necessary to establish it:
Probable cause is a “reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.” It may be established by demonstrating ‘“by some credible evidence, the • probability that the money was in fact drug related.’ ” U.S. v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir.1990). “Probable cause can be established by circumstantial or hearsay evidence.” The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity. Rather in forfeiture actions, the government merely must demonstrate the existence of probable cause for belief that a substantial connection exists between the property to be forfeited and the illegal drug transaction. Furthermore, it is not necessary that the government trace the property to a particular drug transaction. Rather, it is the totality of the circumstances that leads to a finding of probable cause. This evidence goes beyond a mere suspicion. It must be judged not with clinical detachment but with a common sense view to the realities of nor-
mal life. U.S. v. One 1987 Mercedes 560 SEL, supra.
Of particular importance is the requirement that the trial court look to the totality of the circumstances. In doing so, the circumstances must add up to be more than a suspicion but less than prima facie evidence that the property is involved in illicit conduct which would permit forfeiture.
The state vigorously argues Albritton as a case so similar in facts as to be ultimately controlling. In fact, while Albritton is extremely helpful in its discussion of the state’s initial burden of proof, it is distinguishable in one very important element. The trial court in Albritton rendered judgment on a default. The evidence presented to the trial court was not challenged by counsel for claimants of the property. Therefore, the state was free to put forth only that evidence which would directly benefit its case. There was no contradictory evidence or cross-examination to bring out inconsistencies or reveal ■ matters which might | shave changed the opinion of the trial court. Reliance on Albritton is misplaced.
In the present case, the testimony of the state’s witnesses was challenged. Cross-examination by counsel for the Browns revealed several facts that apparently influenced the decision of the trial court. The state claims that the trial court failed to give proper weight to the testimony of its witnesses and ignored the permissive inference that money found near contraband is being used in conduct giving rise to forfeiture.
The presentation of the evidence, as the state would have it, shows a traffic stop of a vehicle bound for Houston that resulted in discovery of crack cocaine, marijuana gleanings and a paper bag containing a large sum of cash wrapped in one thousand dollar bundles. It also reveals that Willie Brown is rumored to be a drug dealer in Alabama. In a vacuum, this evidence seems sufficient to warrant forfeiture. However, reality is the theater upon which the law plays and close scrutiny of the state’s evidence finds it unimpressive to the critical eye of this reviewing court.
*656 Inadequacies in the presentation of the state’s case is its failure to produce key witnesses and substantiating evidence. Prime examples are: (1) the lack of testimony by the officer who handled the initial investigation, Chester Kowalski; (2) the absence of testimony from the handler of the narcotics dog; (3) the absence of any affidavits of certified documents to support the allegations that Willie Brown is a reputed drug dealer; (4) the lack of information to refute the sources of Willie Brown’s loans; and, (5) the lack of investigation into areas which might have contradicted Willie Brown’s claims.
Phillips’s testimony was valid, such as it was. However, he could not speak for all of the parties for whom the state sought him to testify. Phillips testified that ^Kowalski asked Brown at the time of the arrest, where the cash had come from and was told that it was from the sale of cotton. However, Kow-alski was not called to testify, and the arrest report prepared by Kowalski mentioned nothing of cotton sales, only that Brown claimed it was from a loan. Furthermore, Phillips was present when the narcotics dog was placed in the trunk of the car. He stated that he saw the dog sniff and scratch at the paper bag but, because he had no training in narcotics dogs, he could not testify as to what the dog’s actions indicated.
Rod Steed vyas responsible for the followup investigation into Willie and Vera Mae Brown. He testified that Brown had claimed the money came mostly from two sources: Charlie Griffin and Horace Cooper. Griffin told Steed he had lent Brown $20,000.00, of which $5,000.00 had been repaid. Cooper claimed to have lent Brown $3,000.00. The remainder of the seized cash Brown claims to have taken from his personal savings.
Steed found that Brown had only one savings account which had never had a balance over $620.00 but he made no investigation into the financial status of Griffin and Cooper.
Steed investigated Brown’s claim that he was a farmer of cotton, hogs, cattle and watermelon. This investigation was limited to a discussion with two local county agents. Steed testified that the agents were doubtful that Brown farmed cotton and hogs. Steed made no other inquiries about Brown’s farming activities nor did he go to Brown’s farm and verify the information of the county agents (who neither testified nor swore out affidavits).
Finally, Steed testified regarding the alleged criminal history of Willie Brown. His testimony consisted of unsubstantiated, unofficial reports by the sheriffs department in the county in which the Browns reside that Willie Brown was engaged in drug trafficking. One of the | «sources was a letter from a couple claiming that cocaine was offered at a Christmas party at Brown’s house. However, the letter does not mention whether he was at the house or whether he was responsible for the drugs. The other source was an anonymous phone tip.
The fact of the matter is that neither Willie nor Vera Mae Brown has any criminal record. Neither does Cooper nor Griffin. The only known drug offender is Motley who was also the only person linked directly to any drug possession.
The only evidence strongly in favor of the state’s case is the fact that the money was found in the ear next to contraband. La.R.S. 40:2611(G) states such a situation gives rise to a permissible inference. The key word is “permissible.” The trial court may infer that the cash or car is involved in a drug transaction, but such a finding is not mandatory. Here, Brown maintained that the money was mostly from loans from Cooper and Griffin and that information was corroborated. Moreover, the assertion that Brown claimed the money was from the sale of cotton holds little weight given the fact the original arrest report prepared by Kowalski states that Brown claimed the money was from a loan.
The other evidence with arguably strong implications is that concerning the fashion in which the cash was wrapped. The testimony of Grady Thibodeaux was that he has only seen money in thousand dollar bundles, wrapped with rubber bands, when it was involved in some type of drug transaction. The problem with Thibodeaux’s testimony is that his area of expertise is marijua *657 na eradication and drug identification. The trial court would not allow him to testify as an expert in drug interdiction. Consequently, while the trial court felt he could testify as to how he had seen drug money bundled before, the court would not give the testimony the weight of an expert.
| ¡¡La.Code Evid. art. 701 states:
If the- witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
Comment (b) to the above article states that the trial court has broad discretion in applying this article.
The record reveals the trial court pondered this matter carefully. He was well aware of Thibodeaux’s experience in such matters and was clearly troubled by the implications of the testimony. Ultimately, however, in weighing the totality of circumstances, he concluded that this testimony alone was not sufficient to establish probable cause.
As we pointed out in Albritton, supra, circumstantial evidence and hearsay can be sufficient to establish probable cause. Nevertheless, the trial court has the discretion to give such evidence the import it deserves. This case comes down to the decision of the factfinder to credit, or discredit, certain evidence. Factual determinations in civil forfeiture cases will not be disturbed absent manifest error. If there are two permissible views of the evidence, the choice of the fact-finder — in this case, the trial court — cannot be manifestly erroneous, even if we believe our own conclusions are every bit as reasonable. State v. Seventy-seven Thousand Fourteen Dollars, 607 So.2d 576 (La.App. 3d Cir.1992).
Our review of the record supports the findings of the trial court. The weighing process in this case was made difficult by the closeness of the evidence. However, by the state’s own witnesses, sufficient doubt was raised to warrant dismissing the proceedings. In cases where the hngovernment seeks to take the property of an individual, we believe the evidence must be stronger than what was presented here. We hold that the trial court was not clearly wrong in finding no probable cause for the forfeiture.
Finally, we need not address the question of whether the state was properly required to prove that Vera Mae Brown was criminally involved. The judgment of the court was that the state failed to prove probable cause. Our discussion above applies to the judgment in toto.

CONCLUSION

For the foregoing reasons, the judgment of involuntary dismissal against the State of Louisiana is affirmed. The state is charged with costs of this appeal.
AFFIRMED.