646 So.2d 492 (1994)
STATE of Louisiana
v.
ONE 1990 GMC SIERRA CLASSIC TRUCK, VIN NO. 1GTCS142XL25052929, Forty (40) Pieces of Jewelry, and Coins and Currency Valued at $2,187.24.
No. 94-KA-0639.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
Writ Denied February 17, 1995.
*493 Harry F. Connick, Dist. Atty., Greg Hangartner, Asst. Dist. Atty., Karen K. Herman, Law Clerk, New Orleans, for appellee.
Timothy Allison Meche, New Orleans, for appellant.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
BYRNES, Judge
Joyce Growe appeals a January 10, 1994 judgment denying her motion for annulment of a default judgment of forfeiture. We affirm.
On January 14, 1992, pursuant to a search warrant, police officers searched Joyce Growe's residence and seized drugs, currency, *494 and other property[1] when Ms. Growe was arrested for violation of LSA-R.S. 40:966(A)(2), for possession with intent to distribute marijuana. After she was found guilty of simple possession of marijuana on May 20, 1992, she was sentenced to six months suspended sentence, was placed on probation for two years, and was ordered to pay court costs and fines.
On June 23, 1992, pursuant to LSA-R.S. 40:2600 et seq. the state filed a petition for forfeiture of Ms. Growe's property seized pursuant to arrest, and the state requested a preliminary default judgment which was entered on October 13, 1992. On October 22, 1992, Ms. Growe filed a motion for return of the seized property. On October 28, 1992, the state filed a motion for default judgment. After three continuances Ms. Growe filed an answer to the state's petition, as well as a motion to quash on December 16, 1992. On the same date the trial court denied the motion to quash and granted a default judgment of forfeiture.
On November 24, 1993, Ms. Growe filed a rule to show cause why the default judgment of forfeiture should not be annulled and request for protective order. Following a hearing, the trial court denied the claimant's motion to set aside the default judgment on January 10, 1994. On January 16, 1994 the trial court granted Ms. Growe's motion for suspensive appeal.
On appeal Ms. Growe argues that the default judgment of forfeiture should be annulled because: (1) it is invalid under LSA-C.C.P. art. 2002(2) without sufficient evidence to establish a prima facie case; and (2) the default judgment was obtained by ill practices under LSA-C.C.P. art. 2004. In her supplemental brief Ms. Growe also contends that the default judgment should be annulled under LSA-C.C.P. art. 1001 based on the claim that the judgment was invalid because Ms. Growe filed an answer before the trial court granted the state's request to confirm the default judgment.
Considering the third issue, generally, a defendant may file his answer at any time prior to confirmation of a default judgment against him. LSA-C.C.P. art. 1002. Filing an answer after a default judgment is orally confirmed but prior to its signing operates to nullify the judgment and requires a trial on the merits. Isbell v. Pankratz, 284 So.2d 841 (La.App. 4 Cir.1973). A default judgment formally granted after an answer is filed constitutes an absolute nullity under LSA-C.C.P. art. 2002. Carlton v. Electrical Maintenance & Installation Co., Inc., 306 So.2d 881 (La.App. 1 Cir.1974).
LSA-C.C.P. art. 1001 provides:
A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
The court may grant additional time for answering.
[Emphasis added.]
However, in the present case the property has been seized pursuant to an arrest and is governed by the requirements for forfeiture under LSA-R.S. 40:2602 et seq. LSA-R.S. 40:2611K provides in pertinent part:
K. Except as otherwise provided by this Chapter, all proceedings hereunder shall be governed by the provisions of the Louisiana Code of Civil Procedure....
LSA-R.S. 40:2612E states in pertinent part:
E. The answer shall be filed within fifteen days after service of the civil in rem petition and shall be accompanied by a bond to the court in the amount of ten percent of the estimated value of the property as alleged in the petition, or twenty-five hundred dollars, whichever is greater....
Where two laws conflict, the law more specifically directed to the matter at issue must prevail over the general law. *495 Helmerich & Payne Inc. v. Stephens, 569 So.2d 21 (La.App. 4 Cir.1990). In Smason v. Celtic Life Ins. Co., 615 So.2d 1079 (La.App. 4 Cir.1993), writ denied 618 So.2d 416 (La. 1993), this court found that the Louisiana Insurance Code is sui juris and prevails over any other provisions of law of general application. In Demolle v. Louisiana Dept. of Wildlife & Fisheries, 580 So.2d 1083 (La. App. 4 Cir.1991), writ denied 586 So.2d 534 (La.1991), this court ruled that a statute controlling suits against the Louisiana Wildlife and Fisheries Commission is a specific law which supersedes the general venue statute for suits brought against the state. In the present case, the requirements governing the filing of answer to a petition for forfeiture of property pursuant to an arrest under LSA-R.S. 40:2612 supersede the general rule for an answer stated in LSA-C.C.P. art. 1001. Further, art. 1001 specifically states that, "a defendant shall file his answer within fifteen days after service of citation upon him except as otherwise provided by law" [emphasis added]. LSA-R.S. 40:2612 specifically requires an answer and a bond.
In the present case, the court ordered the defendant's answer to be filed before he asked if the state still was asking for a judgment by default. After the state replied that it was, the trial court granted a default judgment of forfeiture. In ordinary default proceedings, filing an answer precludes a default judgment without a hearing on the merits. However, under LSA-R.S. 40:2612E the term "shall" as used in the statute providing that claimants in forfeiture and in rem actions shall file an answer within fifteen days accompanied by a bond to the court is mandatory, not permissive. State v. Albritton, 610 So.2d 209 (La.App. 3 Cir.1992). Ms. Growe acknowledges that the answer was not accompanied by a bond. Ms. Growe argues that the state did not object to her failure to post the bond or file her answer timely; however, considering that the trial court ruled in the state's favor in granting the state a default judgment without providing reasons, the state had no argument or objection at that time. Ms. Growe failed to file a timely answer and a bond, and therefore failed to fulfill the requirements governing forfeiture proceedings.
Ms. Growe also argues that the default judgment of forfeiture is invalid and should be annulled under LSA-C.C.P. art. 2002(2)[2] based on the fact that the state failed to provide proof of the essential elements of the state's claim sufficient to establish a prima facie case pursuant to LSA-C.C.P. art. 1702(A)[3]. Ms. Growe claims that the state did not provide any testimony but relied on its prior pleadings and an affidavit from Officer Eric Hessler.[4] Ms. Growe maintains that the state did not establish that she engaged in conduct giving rise to forfeiture.
*496 LSA-C.C.P. art. 2002 is entitled "Annulment for vices of form; time for action." An action for nullity of judgment is available only when the judgment is subject to vices of form or substance listed in the Code of Civil Procedure. State v. Likens, 577 So.2d 285 (La.App. 3 Cir.1991), writ denied 580 So.2d 386 (La.1991).
Ms. Growe does not present a claim of vice of form making the judgment invalid. She did not appeal the judgment of default and now cannot raise a claim on the merits that the state failed to prove a prima facie case to establish that she engaged in conduct giving rise to forfeiture. The proper procedure to remedy the failure of proof is through a motion for new trial and/or an appeal, not a motion to nullify the judgment. Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5 Cir.1991), writ denied 594 So.2d 1323 (La.1992). An action asserting a nullity of a judgment cannot be substituted for a timely appeal. Wilson v. Central Gulf Lines, Inc., 583 So.2d 1164 (La.App. 4 Cir.1991), writ denied, 590 So.2d 79 (La. 1991).
Ms. Growe also contends that the default judgment was obtained by "ill practices" under LSA-C.C.P. art. 2004[5] because deprivation of over $40,000 of her property as punishment for possession of marijuana is clearly excessive and is barred by double jeopardy because she was convicted and punished previously in her criminal case before the state filed its forfeiture petition.
For purposes of an action to annul a judgment, conduct which prevents an opposing party from having an opportunity to appeal or to assert a defense constitutes a deprivation of legal rights reviewable under LSA-C.C.P. art. 2004. Clulee, supra. The action provided by art. 2004 is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.App. 1 Cir.1980). Although the definition of "ill practice" is broad, there clearly must be some improper practice or procedure involved to invoke a nullity action. Wilson, supra.
Claims of excessive sentence and double jeopardy are issues properly raised on appeal, and do not constitute "ill practices" by the state. Ms. Growe failed to appeal, and she failed to state claims of "ill practices" pursuant to LSA-C.C.P. art. 2004.
The state requests sanctions on appeal; however, failure to file an independent appeal or to answer Ms. Growe's appeal precludes consideration of appellee's claims. Smith v. USAA Cas. Ins. Co., 532 So.2d 1171 (La.App. 4 Cir.1988).
Accordingly, the default judgment of forfeiture is affirmed with costs assessed to appellant.
AFFIRMED.
NOTES
[1] The seized property included a 1990 GMC Sierra Classic pickup truck and forty pieces of jewelry which Ms. Growe valued at $43,657.24, as well as $2,187.24 in currency.
[2] That article provides:

Art. 2002 Annulment for vices of form; time of action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
[3] LSA-C.C.P. art. 1702(A) provides:

A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
[4] Ms. Growe argues that the police report filed by Sergeant M. Marziale cannot be reviewed because it was not part of the record as it was not offered into evidence. See Purolator Courier Corp. v. City of New Orleans, 93-1068 (La.App. 4 Cir. 3/29/94); 635 So.2d 1232, writs denied, 94-1509 & 94-1542 (La.9/23/94); 642 So.2d 1296 & 1297. The transcript of December 16, 1993 does not show what was offered into evidence. At a hearing on October 13, 1994, the trial court recollected that it examined and considered Sergeant Marziale's police report when it made its ruling to grant the default judgment of forfeiture. Where there was no objection to the trial court's review of the documents at the initial hearing, the documents could properly be considered by the trial court and reviewing court. Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transp. Authority, 582 So.2d 198 (La.App. 1 Cir.1991), writ denied 582 So.2d 195 (La.1991).

Without a default judgment, the state would have had the initial burden of showing the existence of probable cause for forfeiture of the property obtained pursuant to an arrest. LSA-R.S. 40:2612(G). "Probable cause" required for forfeiture proceedings is a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. Albritton, supra; State v. $29,177.00 U.S. Currency, 93-592 (La.App. 3 Cir. 2/2/94), 638 So.2d 653; writ denied 94-1955 (La. 10/28/94), 644 So.2d 378.
[5] That article provides:

Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.