IzGONZALES, Judge.
This is an appeal from a judgment of forfeiture, ordering that a 1981 Cadillac Deville owned by Donald R. Harris be forfeited to the State of Louisiana. We pretermit a discussion of the complex procedural background which brings this appeal before this court.
The seizure at issue in this case was accomplished by the District Attorney of the Eighteenth Judicial District pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601 et seq. (the Forfeiture Act). Under the Forfeiture Act, property used or intended to be used in any manner to facilitate conduct in violation of La. R.S. 40:961 (the Louisiana Uniform Controlled Dangerous Substances Law) is subject to forfeiture upon the commission of an act or omission punishable by confinement for more than one year under La. R.S. 40:961 et seq. La. R.S. 40:2603(1) and 2604(2)(b).
The initial burden in civil forfeiture proceedings is on the State to show probable cause for the forfeiture. La. R.S. 40:2612(G); State v. Cash Totalling $15,156.00, 623 So.2d 114, 121 (La.App. 1st Cir.), writ denied, 629 So.2d 401 (La.1993). To support a finding that probable cause exists for forfeiture of property, the evidence presented by the State must be sufficient to form a reasonable ground for the belief that the property was connected with illegal drug transactions. State v. Cash Totalling $15,156.00, 623 So.2d at 121. Although probable cause may be established by circumstantial or hearsay evidence, such evidence should only be given the import it deserves. State v. $29,177.00 U.S. Currency, 93-592 (La.App. 3d Cir. 2/2/94), 638 So.2d 653, 657, writ denied, 94-1955 (La.10/28/94), 644 So.2d 378; State v. Cash Totalling $15,156.00, 623 So.2d at 120; State v. Albritton, 610 So.2d 209, 213 (La. App. 3d Cir.1992).
The ultimate determination of probable cause is a legal question; however, the findings of fact which lead to a probable *1125 cause determination are subject to the manifestly erroneous-clearly wrong standard. Consequently, much deference must be given to the factual findings of the trial court as long as a review of the record as a whole shows those findings to be reasonably supported. State v. $29,177.00 U.S. Currency, 638 So.2d at 657-658 (on rehearing).
In this ease, the only showing of probable cause for the forfeiture of Harris’ vehicle is referenced in Paragraph 3 of the application for an order of forfeiture filed by the District Attorney which states, “[t]he police report of the West Baton Rouge Sheriffs Office attached as Exhibit I, establishes jurisdiction and sets forth facts sufficient to show probable cause for forfeiture of the [1981 Cadillac Deville].” The unsigned and unsworn police report attached to the State’s application for forfeiture has no evidentiary value. Although hearsay may be admissible to establish probable cause, the police report does not even constitute hearsay, because it was not offered as an out-of-court statement of a declarant while testifying at a trial or hearing. La. C.E. art. 801(C). Nor does the record contain any other evidence to establish the facts alleged in the police report. Thus, there is no factual basis contained in the record to substantiate a finding of probable cause for the seizure of Harris’ vehicle.
Based on the record before us, we conclude that the State failed to carry its burden of proving probable cause for the seizure of Harris’ vehicle. Therefore, the trial court erred in signing the judgment of forfeiture in this case.
DECREE
For the foregoing reasons, the judgment of forfeiture in this case is REVERSED. Costs of this appeal, in the amount of $382.00, are assessed against the Office of the District Attorney of the Eighteenth Judicial District, Parish of West Baton Rouge, Louisiana.