854 So.2d 910 (2003)
STATE of Louisiana
v.
Phyllis GAUTHIER and Duane K. Gauthier, Jr.
No. 02-1227.
Court of Appeal of Louisiana, Third Circuit.
April 17, 2003.
*911 Rick Bryant, District Attorney, Robert S. Kleinschmidt, Jr., Assistant District Attorney, Lake Charles, LA, for Appellant State of Louisiana.
Duane Gauthier, Phyllis Gauthier, Lake Charles, LA, In Proper Person.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and BILLY HOWARD EZELL, Judges.
COOKS, Judge.
This is an appeal from the trial court's judgment denying the State's attempt to seize a vehicle owned by Phyllis Gauthier and driven by Duane Gauthier and $353.00 in currency in the possession of Duane Gauthier, under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La.R.S. 40:2601 et seq. (the Forfeiture Act). The trial court also awarded damages to both Phyllis Gauthier and Duane Gauthier. For the following reasons, we affirm in part and reverse in part.

FACTS
On November 15, 2001, Duane Gauthier, driving a 1992 Oldsmobile, was observed by Sgt. Arnold Bellow of the Lake Charles Police allegedly committing several traffic offenses. Sgt. Bellow stated he immediately recognized the vehicle as Gauthier's because he had been under investigation in reference to the sale and distribution of illegal drugs. Sgt. Bellow followed him to a residence in Lake Charles. Sgt. Bellow was traveling in an unmarked police car, so he requested a marked unit via radio to assist with stopping Gauthier for the traffic offenses.
When the police unit arrived, Sgt. Bellow approached the vehicle driven by Gauthier and asked the occupants to remain still. At this point, Gauthier was already out of the vehicle. According to Sgt. Bellow, Gauthier bent over to reach into the vehicle. Sgt. Bellow withdrew his weapon and ordered Gauthier to place his hands on the vehicle. There were two other passengers in the vehicle, Andrew Simmons and Brian Jones.
Officer Guillory, who had arrived on the scene, observed Gauthier remove some pills from his sock and place them into his mouth in an attempt to destroy evidence. Officer Guillory attempted to stop Gauthier from destroying the evidence, and they became engaged in a physical altercation. Officer Guillory and Sgt. Bellow were ultimately able to retrieve one pill from Gauthier. Later testing proved the pill contained Xanax. Marijuana and codeine were also found in the vehicle. The vehicle, a 1992 Oldsmobile, and $353.00 in currency were seized for civil forfeiture.
A Notice of Pending Forfeiture was mailed by certified mail to Gauthier, and was returned unclaimed on February 29, 2002. A Notice of Pending Forfeiture was also mailed via certified mail to Phyllis Gauthier, because she was the vehicle's title holder. This was received by Mrs. Gauthier on February 12, 2002.
Both Duane Gauthier and Phyllis Gauthier filed a claim for the seized property. A Motion and Order to Assign Civil Forfeiture Case was filed by the Calcasieu District Attorney's office and the matter was set for trial. On the morning of trial, Duane Gauthier informed the court he did not have an attorney and requested a continuance. *912 The trial court granted the continuance over the State's objection.
The trial began on June 4, 2002, with Gauthier representing himself and his mother. The trial court ruled in favor of Duane Gauthier and Phyllis Gauthier, ordering the return of the vehicle and the currency. The trial court also awarded $150.00 in damages to Duane Gauthier and $1000.00 in damages to Phyllis Gauthier. The State appealed the trial court's judgment, contending the trial court erred in returning the vehicle and currency, and in awarding damages to the claimants.

ANALYSIS
Under the Forfeiture Act, La.R.S. 40:2601 et seq., property used or intended to be used in any manner to facilitate conduct in violation of La.R.S. 40:961 (the Louisiana Uniform Controlled Dangerous Substances Law) is subject to forfeiture upon the commission of an act or omission punishable by confinement for more than one year under La.R.S. 40:961 et seq. La.R.S. 40:2603(1) and 2604(2)(b).
The initial burden in civil forfeiture proceedings is on the State to show probable cause for the forfeiture. La.R.S. 40:2612(G); State v. $29,177.00 U.S. Currency, 93-592 (La.App. 3 Cir. 2/2/94), 638 So.2d 653, writ denied, 94-1955 (La.10/28/94), 644 So.2d 378; State v. Cash Totalling $15,156.00, 623 So.2d 114 (La. App. 1 Cir.), writ denied, 629 So.2d 401 (La.1993). To support a finding that probable cause exists for forfeiture of property, the evidence presented by the State must be sufficient to form a reasonable ground for the belief that the property was connected with illegal drug transactions. State v. Cash Totalling $15,156.00, 623 So.2d 114. While the ultimate determination of probable cause is a legal question; the findings of fact which lead to a probable cause determination are subject to the manifestly erroneous-clearly wrong standard. State v. $29,177.00 U.S. Currency, 638 So.2d at 653 (on rehearing). Thus, much deference must be given to the factual findings of the trial court as long as a review of the record as a whole shows those findings were reasonably supported. Id.
The State was required to show by credible evidence and by more than mere suspicion, a reasonable ground for belief that the currency on Gauthier's person was drug related and that the vehicle was used or available for use to facilitate the alleged drug transactions. The state argues the "evidence definitively shows that the property was used to facilitate a drug transaction." We disagree and find the trial court was not manifestly erroneous in returning the currency and vehicle to the claimants.
Officer Bellow testified he believed the $353.00 in currency found on Duane Gauthier must have been drug related because Gauthier was unemployed. However, Gauthier presented evidence that he received checks for an accident settlement in the amount of $1,233.34 on October 4, 2001, and $1,218.54 on October 30, 2001. The date of the incident in question was November 15, 2001. We find no error on the trial court's part in accepting Gauthier's testimony that the currency seized was obtained from the accident settlement rather than any drug activity.
In reference to the vehicle, the trial court gave the following reasons for ordering the return of the vehicle to Phyllis Gauthier:
There's no showing that Ms. Gauthier knew anything about any drug activity or even that she knew her son had a Xanax pill. There's been some testimony by two witnesses, ladies, that testified on behalf of Mr. Gauthier that they heard him say at the time of the arrest *913 that he had a prescription, but there's been no evidence other than that to come out. I think if Mr. Gauthier had a prescription for the Xanax, he probably would have brought it out. I assume he didn't have a prescription. But to have a Xanax pill on you does not suggest a drug transaction necessarily. It's certainly a violation of the law to be in possession of a Schedule 4 drug without a prescription. To have the codeine, 2.0 grams of codeine, in your possession without a prescription is a violation of the law. It appears that Mr. Gauthier was in possession of a quantity of drugs without a prescription. The marijuana, the other individual in the car admitted it was his marijuana and Mr. Gauthier denied knowing about that marijuana. The 26 grams of marijuana has not been found to be related to any transaction that Mr. Gauthier had anything to do with. The bottom line is the State has to show probable cause that the forfeiture was proper in that the seizures were related to a drug transaction. I don't even see a drug transaction here. One may conclude that to have in your possession a small quantity of illegal drugs is a transaction. Maybe it is, but even if it is, it is such a minute quantity given the fact that the vehicle did not belong to Mr. Gauthier. I don't think it justifies forfeiture. I don't think a probable cause was shown for forfeiture.
The State argued in its brief that the claimants failed to offer into evidence the vehicle's title. However, in the record before us the title to the seized vehicle is present, and is in the name of Phyllis Gauthier. Given the much deference afforded to the factual findings of the trial court, we cannot say the trial court erred in finding probable cause did not exist for the forfeiture of the vehicle.
The State also argued the trial court erred in awarding damages to the claimants for their loss of use of the vehicle and currency. We agree. La.R.S. 40:2611(L) sets forth what may be awarded to a claimant who successfully obtains the return of his seized property:
L. If a claimant whose property has been seized for forfeiture is successful in obtaining the return of the property in a civil proceeding, the court may award the claimant reasonable attorney fees, to be paid by the seizing agency, and the claimant shall also be exempt from any storage fees, or other costs incurred in the seizure, preservation, storage, or return of such seized property. Any searched or seized vehicle that is subsequently returned to a claimant, with or without court mandate, shall be returned in substantially the same condition as when searched or seized, together with any interest earned on monies or other negotiable instruments deposited, held, or invested.
The statute does provide for the award of reasonable attorney fees for the successful claimant. However, since the claimants represented themselves in this matter and the trial court specifically noted no evidence of attorney fees was provided, an award of attorney fees was not appropriate.
The statute also provides the successful claimant is exempted from storage fees or other costs incurred in the seizure, preservation, storage, or return of the vehicle. It is also mandated that the vehicle be returned to her in substantially the same condition as when it was seized. However, there is no provision in the statute to support damages for the loss of use of the vehicle as awarded by the trial court. Therefore, the award of $1,000.00 in damages to Phyllis Gauthier is reversed.
*914 We also reverse the award of $150.00 in damages to Duane Gauthier for the loss of use of the $353.00 in currency seized by the State. The statute only provides for "any interest earned on monies or other negotiable instruments deposited, held, or invested." Therefore, the trial court's award of $150.00 in damages was beyond the scope of the statute.

DECREE
For the foregoing reasons, the portion of the trial court's judgment returning the vehicle to Phyllis Gauthier and the $353.00 in currency to Duane Gauthier is affirmed. The portion of the judgment awarding damages of $1,000.00 to Phyllis Gauthier and $150.00 to Duane Gauthier is reversed. Costs of this appeal are assessed one-half to appellants and one-half to appellees.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
EZELL, J., concurs and assigns written reasons.
EZELL, J., concurs.
I concur with the results in this matter, but would affirm the trial court on the basis that the defendant, Duane K. Gauthier overcame the States burden with regard to the funds found on his person.
As to the forfeiture of the vehicle, the record reflects that it was titled in the name of Ms. Phyllis Gauthier. There is no evidence to show that she had any knowledge of the drugs being possessed by Duane K. Gauthier. The vehicle would fall within those items that are exempted from seizure.