# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-1137

**STATE OF LOUISIANA**

**VERSUS**

**$144,320.00 TINA BEERS
132 WOODY LANE,
SILER CITY, NC 27344, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 74400
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

**REVERSED AND RENDERED.**

**Genovese, J., concurs and assigns written reasons.**

**Phil Haney
District Attorney
307 Church Street
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR PLAINTIFF/APPELLEE:
     State of Louisiana**

**Kim Michael Kidd**
**Walter J. Sennette, Jr.**
**Assistant District Attorneys**
**307 Church Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Pride Justin Doran**
**Quincy L. Cawthorne**
**The Doran Law Firm**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Tina M. Beers**
     **Brittany Beers**

**Ezell, Judge.**

Tina and Brittany Beers appeal the forfeiture of $144,320.00 seized from Tina Beers during a routine traffic stop, alleging the seizure was made without probable cause. For the following reasons, we agree and reverse the decision of the trial court.

The facts of this case were set out by this court in a prior decision, *State v. $144,320.00 U.S. Currency*, 09-954, pp.1-2 (La.App. 3 Cir. 2/3/10), 29 So.3d 1266, 1266-67, *writ denied*, 10-821 (La. 6/18/10), 38 So.3d 324 (footnote omitted).

> On January 10, 2009, Trooper Troy Dupuis of the Louisiana State Police stopped a vehicle driven by Tina Beers for a traffic violation in St. Martin Parish, Louisiana. Tina Beers consented to a search of the vehicle. As a result of the search, the police located nine bundles of cash totaling $144,320.00 which was hidden in a compartment in the floor of the vehicle. A police dog performed a "narcotics sniff" on the money and was alerted by the scent of narcotics on the money.

> Tina Beers, after being advised of her rights, waived her rights and proceeded to answer questions posed by the police. She admitted that she was the owner of the vehicle; however, she stated that the money was not hers, and she denied having knowledge of the presence of the money in the vehicle. At that time, Tina Beers signed a Disclaimer of Ownership of Currency of Property wherein she stated that she was not the owner of the $144,320.00. The money was then seized by the state police.

> On January 13, 2009, the State filed an Application for Warrant of Seizure for Forfeiture, a Letter of Designation which authorized the Louisiana State Police to seize the money and hold it subject to the forfeiture proceedings, and a Notice of Pending Forfeiture. On that same date, the trial court signed the accompanying Warrant of Seizure for Forfeiture. The Notice of Pending Forfeiture contains the service information reflecting personal service on Tina Beers on January 10, 2009. This service information is derived from the Disclaimer of Ownership of Currency of Property which was filed into the record of these proceedings and specifically states that Tina Beers waived notice of seizure and forfeiture on January 10, 2009, when she was stopped by Trooper Dupuis.

> Tina Beers and Brittany Beers filed a Motion for Probable Cause Hearing Regarding Pending Notice of Forfeiture and for Release of Seized Property on January 22, 2009, asserting their ownership of the $144,320.00. The State filed a Motion to Strike

Claim on February 19, 2009. These two motions came before the trial court on April 8, 2009, at which time the trial court took the matter under advisement. The trial court rendered Reasons for Judgment on May 7, 2009, in favor of Tina Beers.

This court went on to reverse that ruling, finding that Tina Beers had not only waived any right she may have had to notice of forfeiture proceedings, but that she obviously had also received such notice, as evidenced by her claim for the return of the money. We remanded the case to the trial court for the a determination as to whether probable cause existed for the seizure. Despite the fact that no illegal narcotics were found in the vehicle at the stop, there was no information that the seized currency was intended for drug-related use, or the fact that Tina Beers was never charged with or even alleged to have committed any drug-related crime, the trial court found that there was probable cause for the forfeiture of the cash simply because a prior magistrate had signed a warrant for the money's seizure. From that decision, Tina and Brittany Beers appeal.

The Beers assert three assignments of error on appeal. They claim that the trial court erred in ruling probable cause existed for the seizure; that the trial court erred in striking the affidavit of Brittany Beers; and that the trial court erred in failing to grant Brittany Beers' exception of lack of service. Because we agree with the Beers' first assignment of error, we need not address them all.

Louisiana Revised Statutes 40:2603 states:

> Any of the following conduct gives rise to forfeiture:
>
> (1) An act or omission punishable by confinement for more than one year under R.S. 40:961 et seq. whether or not there is a prosecution or conviction related to the act or omission.
>
> (2) An act or omission occurring outside this state, which would be subject to prosecution in the place of occurrence and would be described in Paragraph (1) of this Section if the act or omission occurred in this state, whether or not it is prosecuted in any state.

(3) Any act or omission committed in furtherance of any violation of R.S. 40:961 et seq. which is punishable by confinement with or without hard labor, including any inchoate or preparatory offense, regardless of whether there is a prosecution or conviction related to the act or omission.

Louisiana Revised Statutes 40:2604 goes on to state, in pertinent part:

The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:

. . . .

(2) All property that is either:

(a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 et seq.

(b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.

(3) Proceeds of any conduct giving rise to forfeiture.

In *State v. Gauthier*, 02-1227, p. 3 (La.App. 3 Cir. 4/17/03), 854 So.2d 910, 912, this court noted:

The initial burden in civil forfeiture proceedings is on the State to show probable cause for the forfeiture. La.R.S. 40:2612(G); *State v. $29,177.00 U.S. Currency,* 93-592 (La.App. 3 Cir. 2/2/94), 638 So.2d 653, *writ denied,* 94-1955 (La.10/28/94), 644 So.2d 378; *State v. Cash Totalling* [sic] *$15,156.00,* 623 So.2d 114 (La.App. 1 Cir.), *writ denied,* 629 So.2d 401 (La.1993). To support a finding that probable cause exists for forfeiture of property, the evidence presented by the State must be sufficient to form a reasonable ground for the belief that the property was connected with illegal drug transactions. *State v. Cash Totalling* [sic] *$15,156.00,* 623 So.2d 114. While the ultimate determination of probable cause is a legal question; the findings of fact which lead to a probable cause determination are subject to the manifestly erroneous-clearly wrong standard. *State v. $29,177.00 U.S. Currency,* 638 So.2d at 653 (on rehearing). Thus, much deference must be given to the factual findings of the trial court as long as a review of the record as a whole shows those findings were reasonably supported. *Id.*

3

Thus, the State was required to show, by credible evidence and by more than mere suspicion, a reasonable ground for belief that the currency in Tina Beers' vehicle was drug related and/or that the vehicle was used to facilitate a drug transaction. There are indeed facts which provide a suspicion that the cash could be of less than honest origins. For example, Tina Beers claimed at the time of the seizure she was earning only $300.00 a week, and the cash was found in a floor compartment.[1] However, the record before this court shows no credible evidence whatsoever that the currency was related in any way to any drug transaction or activity. In fact, the State failed to charge Tina Beers with, or even allege any connection with, drug-related activity or any other conduct under La.R.S. 40:2603 giving rise to forfeiture. Tina Beers was stopped for a routine traffic violation, which is not even named in the record, not for any behavior indicative of drug activity. The State admitted no drugs or paraphernalia were found at the time of the stop or at any later time. There is no evidence of any prior history of drug dealing or even use on the part of Tina Beers before this court. A narcotics dog hitting on the cash alone does not provide probable cause in light of the prevalence of currency in circulation which would cause such a strike.[2] The fact that she was driving on I-10 or that she, a North Carolina resident, did not know the name of a hospital in Houston (her stated destination at the time of the stop), certainly do not provide evidence of any drug endeavor. Simply put, there is no credible evidence whatsoever presented by the State of any substantial connection between the seized cash and any drug activity or cause for forfeiture in the record before this court.

---

[1] The floor compartment has been alleged by the State to be a "hidden compartment," but there is no description in the record to indicate that this was a nefariously created hiding place, rather than a mere floor compartment common in many mini vans.

[2] Recent studies have found that a majority of the currency in circulation contains drug residue, in certain areas, up to ninety-five percent.

Accordingly, we reverse the trial court's finding that there existed probable cause for the forfeiture of the seized cash.

Having determined that the State must return the money, we will briefly address to whom it should be returned. Louisiana Revised Statutes 40:2612 states, in pertinent part:

> C. Only an owner of or an interest holder in the property may file an answer asserting a claim against the property in an action in rem. For the purposes of this Section, an owner of or interest holder in property who has filed a claim and answer shall be referred to as a claimant.
>
> D. The answer shall be signed by the owner or interest holder under penalty of false swearing and shall be in accordance with C.C.P. Art. 1003 and shall set forth all of the following:
>
> (1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
>
> (2) The address where the claimant will accept mail.
>
> (3) The nature and extent of the claimant's interest in the property.
>
> (4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
>
> (5) The specific provision of this Section relied on in asserting that it is not subject to forfeiture.
>
> (6) All essential facts supporting each assertion.
>
> (7) The precise relief sought.

The trial court ruled that both Tina and Brittany Beers failed to properly file claims asserting an interest in the cash as they failed to identify the date, transferor, or circumstances surrounding her alleged acquisition of the funds. We can find no error in this ruling based on the record before this court as it relates to Brittany Beers. The scant information contained in the Beers' affidavits contain only Tina Beers' W-2s and forms alleged to show the sales of vehicles registered in Tina Beers' name only. Brittany Beers has provided absolutely no information

5

whatsoever asserting any connection with any money of any kind, let alone the amount disputed herein. That assignment of error has no merit, thus Brittany Beers has no standing to assert a claim to the money as noted above.

Conversely, her sister does, however tenuously. Although Tina did initially deny knowledge of the money or its origins, she clearly rescinded those claims when she filed to recover the money. Furthermore, while the income shown in the claim's affidavits is roughly a quarter of the amount that was seized, it is infinitely larger than the zero income shown on the part of Brittany Beers. Moreover, the money was taken directly from her possession. Though her affidavits were severely lacking, Tina Beers provided enough information that her claims should not have been stricken. The trial court's ruling striking her claim is hereby reversed. The State has failed to show the existence of probable cause for forfeiture of the money which, under La.R.S. 40:2612(G), it would have had to show, even if no timely claim had been filed at all. Accordingly, the State is not entitled to keep that money. The cash should be returned to Tina Beers, from whom it was taken.

For the above reasons, the ruling of the trial court is hereby reversed. Costs of this appeal in the amount of $1,836.60 are assessed against the State of Louisiana.

**REVERSED AND RENDERED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1137

STATE OF LOUISIANA

VERSUS

$144,320.00 U.S. CURRENCY
TINA M. BEERS
132 WOODY LANE,
SILER CITY, NC 27344

**GENOVESE, J., concurs and assigns the following reasons.**

Though there was probable cause to initially issue the warrant and to seize the property (cash), I agree with the majority that there was nothing in the record to support a finding of probable cause for the forfeiture, as required by the statute. The problem I have with the majority opinion is returning the money to Tina Beers, considering the fact that she denied ownership of the money and denied having knowledge of the presence of money in the vehicle. Additionally, Tina Beers signed a Disclaimer of Ownership of Currency of Property wherein she stated she was not the owner of $144,320.00; therefore, in my view, the money should not be returned to her.