STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1322

AUDREY ASHLEY

VERSUS

CITY OF ALEXANDRIA EMPLOYEES' RETIREMENT SYSTEM

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,487
HONORABLE GEORGE CLARENCE METOYER, JR, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

AFFIRMED.

Edward Larvadain, Jr.
626 Eighth Street
Alexandria, LA 71301
Telephone: (318) 445-6717
COUNSEL FOR:
      Plaintiff/Appellant - Audrey Ashley

Trevor Scott Fry
Joseph H. L. Perez-Montes
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
COUNSEL FOR:
      Defendant/Apellee - City of Alexandria Employees' Retirement System

**THIBODEAUX, Chief Judge.**

In this dispute, Audrey Ashley, a former wife of an employee, John Ashley, who participated in the City of Alexandria Employees' Retirement System (the System), claims that the trial court erred by granting a summary judgment in favor of the System. The trial court held that the System was not liable to Audrey for the portion of the retirement benefits the System paid to John prior to the notice of Audrey's claim to the benefits. For the following reasons, we affirm.

I.

## ISSUE

We shall consider whether the designation form, pursuant to which the System paid benefits to the employee, was properly executed where no particular questions are statutorily required to be included on the designation form and where proper execution of the form is required for the System to be discharged from all adverse claims to the benefits.

II.

## FACTS

Audrey and John were married in 1974, and John started working for the City of Alexandria (the City) in 1976. As the City's employee, John participated in the System. Audrey and John were divorced in 1997 but never obtained a community property division order.

In 2002, John executed a designation form, naming his daughter from his marriage to Audrey as the beneficiary of his retirement's balance in case of his death. In 2005, John retired. John requested and received from the System a lump-sum payment of over fifty thousand dollars along with the monthly benefits.

The daughter died in 2007. Two months later, John died without naming a different beneficiary.

It is undisputed that the System received notice regarding Audrey's claim to the portion of the benefits shortly after John's death, over two years after the System started to make payments to John.

Audrey filed a petition against the System asserting entitlement to one half of community interest in John's retirement benefits and in the more than fifty thousand dollars John withdrew. After the System filed for a concursus proceeding, the trial court granted the System's request to deposit the residual balance of John's retirement contributions into the court's registry. The trial court then ordered the release of the balance to Audrey as administratrix of her daughter's estate.

The System filed a motion for summary judgment arguing: (1) John properly executed the designation form; (2) the System paid the benefits to John pursuant to its written retirement plan and the designation form; and, (3) because Audrey did not notify the System of her claim to the benefits prior to their payment, the System was discharged from all adverse claims under La.R.S. 23:638(A). Audrey, after agreeing that there were no disputed material facts in the case, argued that La.R.S. 23:638 was unconstitutional as it deprived her of a vested property right without due process of the law. The record contains no notice to the Attorney General regarding constitutional challenges. The trial court granted the System's motion, and Audrey appealed. We now consider the matter.

III.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo. *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, *writ denied*, 97-1840 (La. 10/17/97), 701 So.2d 1327.

IV.

## LAW AND DISCUSSION

### (A) Preliminary Considerations

At the trial court, Audrey questioned the constitutionality of La.R.S. 23:638. In her brief to this court, Audrey, again, raises constitutional questions, i.e., deprivation of vested property rights without due process of the law.

"If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard." La.Code Civ.P. art. 1880. Courts do not reach issues of constitutionality where the Attorney General was not served pursuant to La.Code Civ.P. art. 1880. *See State v. Albritton*, 610 So.2d 209 (La.App. 3 Cir. 1992).

Here, the record contains no notice to the Attorney General. Therefore, this court does not reach the constitutional questions.

During the hearing on the motion for summary judgment, the attorney for Audrey stated: "opposing counsel is accurate in the facts of this case. There's no question about the facts." To this court, Audrey argues that there are genuine issues of material fact as to whether the designation form was "properly executed," whether the form was critically deficient, and whether Audrey was deprived of a vested property right.

3

We do not even consider whether these issues are, indeed, questions of fact, or, as the System ably points out, questions of law. "The Courts of Appeal will review only issues which were submitted to the trial court . . . ." Uniform Rules—Courts of Appeal, Rule 1-3. At the trial court, Audrey agreed that there were no questions of material fact in this case, and, therefore, the trial court did not consider the issue. Thus, we do not review this issue.

### (B) The "Proper Execution" of the Designation Form

> Whenever payment . . . is made to any employee . . . pursuant to a written retirement, death or other employee benefit plan or savings plan, the payment or refund shall fully discharge the employer and any trustee or insurance company making payment or refund from all adverse claims thereto unless, before the payment or refund is made, the employer or former employer . . . has received . . . written notice by or on behalf of some other person claiming to be entitled to the payment . . . .

La.R.S. 23:638(A).

> "Plan" shall mean any arrangement, agreement, contract, plan, system or trust whereby a participant acquires an enforceable right to retirement income or other compensation where payment is deferred until the termination of employment or thereafter, regardless of the method of calculating the amount of plan benefits or the mode of their distribution.

La.R.S. 23:651(1).

> (1) *Any* designation form permitted by a plan shall be valid for the purpose of naming a beneficiary, or selecting the mode of payment of plan benefits, or both.
>
> (2) A designation form need not be in testamentary form, nor authentic form, *nor in any form other than that permitted or required by the plan*.
>
> (3) As is provided by R.S. 23:638, benefits may be paid in reliance on a properly executed designation form until the payor receives notice of an adverse claim.

La.R.S 23:652 (emphasis added).

4

Here, there is no dispute that the benefits paid to John were paid pursuant to a plan as it is defined under La.R.S. 23:651(1). Furthermore, there is no dispute that the System received no notice of Audrey's claim until after John's death. After the System received the notice, it deposited the residual balance of John's retirement contributions into the court's registry. The trial court then ordered the release of these funds to Audrey as administratrix of her daughter's estate.

Because no particular questions are statutorily required to be included on the designation form, the form was properly executed under the statute. As discussed above, because of procedural deficiencies, we do not address the constitutional questions. Based on these considerations, we find no error in the trial court's judgment.

V.

## CONCLUSION

The trial court's judgment in favor of the City of Alexandria Employees' Retirement System is affirmed. Costs of this appeal are assessed to Audrey Ashley.

**AFFIRMED.**