# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-954

**STATE OF LOUISIANA**

**VERSUS**

**$144,320.00 U.S. CURRENCY**
**TINA M. BEERS**
**132 WOODY LAND, SILER CITY, NC 27344**

************

**APPEAL FROM THE**
**SIXTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF ST. MARTIN, NO. 74400**
**HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE**

************

**JAMES T. GENOVESE**
**JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**J. Phil Haney**
**District Attorney - Sixteenth Judicial District**
**Walter J. Senette, Jr. - Assistant District Attorney**
**St. Mary Parish Courthouse, 5th Floor**
**Franklin, Louisiana 70538**
**(337) 828-4100**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Pride J. Doran**
**Quincy L. Cawthorne**
**The Doran Law Firm**
**2410 Jake Drive, Suite 1**
**Post Office Box 2119**
**Opelousas, Louisiana 70571**
**(337) 235-3989**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Tina M. Beers and Brittany Beers**

**GENOVESE, Judge.**

The State of Louisiana (the State) appeals the trial court's finding that Tina Beers was not properly served and/or given notice of forfeiture proceedings resulting from the seizure of $144,320.00 from a vehicle operated by Tina Beers on January 10, 2009. Tina Beers and Brittany Beers, who also claim an ownership interest in the money that was seized, answered the appeal. For the following reasons, we reverse and remand.

## FACTS

On January 10, 2009, Trooper Troy Dupuis of the Louisiana State Police stopped a vehicle driven by Tina Beers for a traffic violation in St. Martin Parish, Louisiana. Tina Beers consented to a search of the vehicle. As a result of the search, the police located nine bundles of cash totaling $144,320.00 which was hidden in a compartment in the floor of the vehicle. A police dog performed a "narcotics sniff" on the money and was alerted by the scent of narcotics on the money.

Tina Beers, after being advised of her rights, waived her rights and proceeded to answer questions posed by the police. She admitted that she was the owner of the vehicle; however, she stated that the money was not hers, and she denied having knowledge of the presence of the money in the vehicle. At that time, Tina Beers signed a Disclaimer of Ownership of Currency of Property wherein she stated that she was not the owner of the $144,320.00. The money was then seized by the state police.

On January 13, 2009, the State filed an Application for Warrant of Seizure for Forfeiture, a Letter of Designation which authorized the Louisiana State Police to seize the money and hold it subject to the forfeiture proceedings, and a Notice of Pending Forfeiture. On that same date, the trial court signed the accompanying

Warrant of Seizure for Forfeiture. The Notice of Pending Forfeiture contains the service information reflecting personal service on Tina Beers on January 10, 2009. This service information is derived from the Disclaimer of Ownership of Currency of Property which was filed into the record of these proceedings and specifically states that Tina Beers waived notice of seizure and forfeiture on January 10, 2009, when she was stopped by Trooper Dupuis.

Tina Beers and Brittany Beers[1] filed a Motion for Probable Cause Hearing Regarding Pending Notice of Forfeiture and for Release of Seized Property on January 22, 2009, asserting their ownership of the $144,320.00. The State filed a Motion to Strike Claim on February 19, 2009. These two motions came before the trial court on April 8, 2009, at which time the trial court took the matter under advisement. The trial court rendered Reasons for Judgment on May 7, 2009, in favor of Tina Beers. It is from this judgment that the State appeals. Tina Beers and Brittany Beers have answered the appeal.

## ISSUES

The issue as expressed by the State for our review is "[w]hether the personal service made on Tina Beers by the Louisiana State Police before [it] had been designated by the District Attorney to seize the property was valid." Additionally, in her answer to appeal, Tina Beers asserts that the trial court "erred in failing to find that the alleged Notice of Forfeiture relied upon by the State was insufficient in that it did not cite a specific violation of the Louisiana Controlled Dangerous Substances Act[] as required by La.R.S. 40:2603, et seq."

[1] Brittany Beers, along with Tina Beers, asserted an ownership interest in the $144,320.00. However, the claim of Brittany Beers was not adjudicated in the trial court. Thus, despite the answer to appeal filed on her behalf, the claim of Brittany Beers is not properly before this court, and we make no ruling relative to same.

2

# LAW AND DISCUSSION

This matter came before the trial court on April 7, 2009, on a Motion for Probable Cause Hearing Regarding Pending Notice of Forfeiture and for Release of Seized Property filed on behalf of Tina Beers and a Motion to Strike Claim filed by the State. After taking the matter under advisement, the trial court issued Reasons for Judgment which state, in pertinent part, as follows:

> Additionally, defendant submits that she was not given proper notice of the forfeiture proceeding. The evidence shows that Trooper Troy Dupuis served Tina Beers personally on January 10, 2009, although he was not authorized to do so at that time. The District Attorney's Office did not designate the State Police as an agency authorized to seize the money for forfeiture until January 13, 2009. Therefore, the service which took place on January 10, 2009 was not authorized.
>
> The Court agrees with defendant's argument that she was not given proper notice in accordance with La.R.S. 40:2608(4).[2] The language of La.R.S. 40:2608(4) is clear and unambiguous and must be applied as written. State v. Ford, 652 So.2d 633 (La.App. 1 Cir. 1995). La.R.S. 40:2608(4) provides that in order to initiate forfeiture proceedings[,] the district attorney shall serve a notice of pending forfeiture within one hundred and twenty days after the property has been seized for forfeiture. The property in this case was seized on January 10, 2009[,] and the record does not reflect that proper notice has yet been given. The Court finds that the defendant was not properly served. Because this Court has found improper service of the defendants, it need not address the other issues.

Thus, given the trial court's determination of improper service of notice on Tina Beers, the trial court did not rule on the merits of the Motion for Probable Cause Hearing Regarding Pending Notice of Forfeiture and for Release of Seized Property

---

[2] Louisiana Revised Statutes 40:2608(4) provides, relative to the commencement of forfeiture proceedings, as follows:

> Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.

nor the Motion to Strike Claim.

The Disclaimer of Ownership of Currency of Property indicates that "$144,320.00 in U.S. Currency" was seized by the Louisiana State Police. That document which is signed by Tina Beers contains the statement: "I hereby state that I am not the owner of this currency or property, I have no interest in it, and have no claim for its return to me." Said document also contains the words: "To the best of my knowledge, the owner of the currency or property is:" which language is followed by several blank lines for the insertion of the names and addresses of the owners. In completing this portion of the form, and responding as to who owned the currency, Tina Beers wrote on the blank line "I don't [k]now[.]" Consistent therewith, Tina Beers inserted "I don't [k]now" on the blank line provided following the inquiry of how the currency came to be in her vehicle. Finally, and most importantly, the final sentence of the Disclaimer of Ownership of Currency of Property expressly states: "I have been advised and understand that by signing this disclaimer of ownership, I am waiving any right to notice of seizure or intention to seek forfeiture of this currency or property." (emphasis added). The signature of Tina Beers appears at the bottom of the disclaimer.

In reaching our determination in this matter, we are guided by our earlier opinion of this court on this issue. In *State v. $3,356,183.00 U.S. Currency*, 04-357, pp. 4-5 (La.App. 3 Cir. 12/8/04), 894 So.2d 339, 347-48, *writ denied*, 05-1785 (La. 1/13/06), 920 So.2d 242, this court stated as follows:

> In addition to the deficiency of the claim form, Mr. Bodendieck's purported claim lacks merit in an additional respect. Here, Mr. Bodendieck immediately denied ownership of the currency. This denial was testified to by the investigating State Trooper and is memorialized in a "Disclaimer of Currency or Property," signed by Mr. Bodendieck and referenced in the opinion on the original hearing of this matter.

4

Certainly this was evidence to be considered by the trial court in determining the validity of Mr. Bodendieck's claim. Furthermore, within this document, Mr. Bodendieck also waived any right he may have had to notice of seizure or forfeiture proceedings. Despite having waived this right to notice, Mr. Bodendieck obviously had such notice, whether through printed media per La.R.S. 40:2608(3)(c) or otherwise, as is apparent from the filing of the purported claim currently under review.

Analogous to the facts in *State v. $3,356,183.00 U.S. Currency*, Tina Beers immediately denied ownership of the $144,320.00. Her denial was evidenced by the affidavit of Trooper Walter Mire and the Disclaimer of Currency of Property that she signed on January 10, 2009. Additionally, as in *State v. $3,356,183.00 U.S. Currency*, Tina Beers expressly waived any right she may have had to notice of seizure or forfeiture proceedings. Finally, again as in *State v. $3,356,183.00 U.S. Currency*, Tina Beers had notice and knowledge of the seizure and forfeiture proceedings as evidenced by the filing of her claim.

It is clear in this case that Tina Beers waived "any right to notice of seizure or intention to seek forfeiture of this currency or property" when she signed the Disclaimer of Currency of Property on January 10, 2009. Given the facts of this case, as we determined in *State v. $3,356,183.00 U.S. Currency*, we find that the waiver of notice signed by Tina Beers in the Disclaimer of Ownership of Currency of Property satisfied the service of notice requirements of La.R.S. 40:2608(4).

Having found that proper notice of seizure and forfeiture was given to Tina Beers, the issues presented by her in her answer to appeal have been rendered moot.

### **DECREE**

The judgment of the trial court finding that Tina Beers was not given proper notice of the forfeiture proceeding is reversed. The matter is hereby remanded for the purpose of ruling on the merits of the Motion for Probable Cause Hearing Regarding

Pending Notice of Forfeiture and for Release of Seized Property and consideration of the State's Motion to Strike. Costs of this appeal are assessed against Tina M. Beers.

**REVERSED AND REMANDED.**

6