# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-413

**STATE OF LOUISIANA**

**VERSUS**

**JOHN CRAIG BORDELON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20093958
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Ronald E. Dauterive**
**Assistant DA**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**Richard Damian Mere**
**Attorney at Law**
**P. O. Box 3301**
**Lafayette, LA 70502**
**(337) 269-5555**
**Counsel for Defendant Appellant:**
**John Craig Bordelon**

**SAUNDERS, Judge.**

This is a forfeiture case wherein $23,287.00 was seized from a residence and forfeited under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La.R.S. 40:2601, et seq. The owner of the residence challenged the forfeiture. The Fifteenth Judicial District Court, Parish of Lafayette, issued a judgment ordering the forfeiture of the currency. The owner of the residence appealed. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

On February 3, 2009, John Craig Bordelon (Bordelon) was arrested and charged with monies derived from drug transactions, possession of Soma tablets, and possession of drug paraphernalia. In conducting a search of Bordelon's home, law enforcement seized, *inter alia*, $23,287.00 in United States Currency located in a safe. On June 30, 2009, the State filed a petition for forfeiture of the currency. On July 16, 2009, Bordelon answered this petition disputing the State's petition. On August 2, 2010, a trial on this matter took place in Lafayette, Louisiana in the Fifteenth Judicial District Court.

The trial court found that the State met its burden to prove that the currency was derived from illegal activity and granted a judgment ordering the currency forfeited to the State. Bordelon has appealed this judgment, asserting a single assignment of error.

**DISCUSSION OF THE MERITS:**

In his only assignment of error, Bordelon argues that the trial court erred in granting the forfeiture in the absence of sufficient evidence of all of the underlying elements necessary to prove the forfeiture by a preponderance of the evidence. We find no merit to Bordelon's argument.

Louisiana Revised Statutes 40:2604 states:

The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:

> (1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.
>
> (2) All property that is either:
>
>> (a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 et seq.
>>
>> (b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
>
> (3) Proceeds of any conduct giving rise to forfeiture.
>
> (4) All weapons possessed, used, or available for use in any manner to facilitate conduct giving rise to forfeiture.
>
> (5) Any interest or security in, claim against, or property or contractual right of any kind affording a source of control over any enterprise that a person has established, operated, controlled, conducted, or participated in the conduct of through conduct giving rise to forfeiture.

The district attorney has the initial burden of showing the existence of probable cause for forfeiture of the property. La.R.S. 40:2612.

> Probable cause is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." It may be established by demonstrating "'by some credible evidence, the probability that the money was in fact drug related.'" *U.S. v. One 1987 Mercedes 560 SEL*, 919 F.2d 327 (5th Cir.1990). "Probable cause can be established by circumstantial or hearsay evidence." The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity. Rather in forfeiture actions, the government merely must demonstrate the existence of probable cause for belief that a substantial connection exists between the property to be forfeited and the illegal drug transaction. Furthermore, it is not necessary that the

government trace the property to a particular drug transaction. Rather, it is the totality of the circumstances that leads to a finding of probable cause. This evidence goes beyond a mere suspicion. It must be judged not with clinical detachment but with a common sense view to the realities of normal life. *U.S. v. One 1987 Mercedes 560 SEL*, *supra*.

*State v. Albritton*, 610 So. 2d 209, 213 (La.App. 3 Cir. 1992).

"[C]ircumstantial evidence and hearsay can be sufficient to establish probable cause. Nevertheless, the trial court has the discretion to give such evidence the import it deserves. . . . Factual determinations in civil forfeiture cases will not be disturbed absent manifest error." *State v. $29,177.00 U.S. Currency*, 93-592, p. 5 (La.App. 3 Cir. 6/23/94), 638 So.2d 653, 657, *writ denied*, 94-1955 (La.11/28/94), 644 So.2d 378.

In the case before us, the trial court was presented with evidence that Bordelon was arrested on three prior occasions for possession with intent to distribute various illegal drugs. Regarding the arrest that resulted in forfeiture currently before us, law enforcement received information from a confidential informant that Bordelon was dealing illegal drugs from his residence. Thereafter, a canine open air sniff outside Bordelon's residence indicated the presence of narcotics. After obtaining a warrant, Bordelon's residence was searched, and the following was recovered: one gram of marijuana, a drug ledger notebook, 2 digital scales, storage and sealer bags, crack cocaine push rods, a prescription bottle containing three Soma tablets, and $23,287.00. Bordelon was then arrested for monies derived from drug transactions, possession of Soma tablets, and possession of drug paraphernalia.

Bordelon testified that the currency was from a combination of his seasonal chimney sweep business and $20,000.00 he inherited from his

3

mother in 2002. Bordelon's claim of inheritance was corroborated by the stipulated testimony of his brother, Randy.

The trial court weighed the evidence presented and determined that the State carried its burden of proving that the currency was derived from illegal activity under La.R.S. 40:2601, et seq. After a thorough review of the record, we find no error in the trial court's determination. Given the totality of the circumstances and the evidence presented, especially Bordelon's nearly thirty-year history in dealing narcotics, the trial court could reasonably find from "a common sense view to the realities of normal life" probable cause existed that the large sum of money in Bordelon's residence was derived from illegal activity, namely dealing illegal drugs. Accordingly, we affirm the trial court's judgment.

**CONCLUSION:**

Bordelon raised one assignment of error that the State failed to meet its burden of proof. We found no merit to this argument. Therefore, we affirm the trial court's judgment. Defendant, John Craig Bordelon is cast with all costs of this appeal.

**AFFIRMED.**