# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-648

**STATE OF LOUISIANA**

**VERSUS**

**$29,940.00 IN U.S. CURRENCY**

\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE FOURTEENTH JUDICIAL
DISTRICT COURT, PARISH OF CALCASIEU,
DISTRICT COURT DOCKET NO. 2016-1904
HONORABLE MICHAEL CANADAY, JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Shannon J. Gremillion, and John E. Conery, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**John F. DeRosier**
**District Attorney**
**Fourteenth Judicial District**
**Robert S. Kleinschmidt, Jr.**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 600**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/RELATOR:**
    **State of Louisiana**

**Leo Caillier, III**
**711 Second Street**
**Gretna, Louisiana  70053**
**(504)717-5402**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Lenard Leo**

**CONERY, Judge.**

## PETITION FOR SUPERVISORY WRITS

Plaintiff-Relator, the State of Louisiana, seeks supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable G. Michael Canaday presiding, which denied the State's peremptory exception of no standing and/or motion to strike in this cash forfeiture proceeding. For the following reasons, we reverse the trial court's ruling and grant the writ and make it peremptory. We hereby grant the State's peremptory exception of no standing and for motion to strike and dismiss defendant/respondent Lenard Leo's claim to the $29,940.00 in U.S. currency with prejudice at respondent's cost.

## STATEMENT OF THE CASE

This forfeiture proceeding involves the seizure of $29,940 in cash from the glove box of a Mercedes Benz on or about March 13, 2016. On that date, an officer with the Combined Anti-Drug Task Force executed a traffic stop of the vehicle and identified Lenard Leo (Leo) as the driver. During the stop, the officer observed that Leo's hands were shaking and that he started sweating while being questioned. Leo also gave conflicting stories about his travel plans, but indicated that he was not in possession of anything illegal or any large amounts of U.S. currency. Based on his suspicions, the officer deployed his K-9 to examine the vehicle. After the K-9 gave a positive indication of the presence of narcotic odor on the vehicle, the officer executed a search, which revealed an aftermarket compartment under the passenger seat and a locked glove box, the key for which Leo claimed not to have. The vehicle was then transported to the Combined Anti-Drug Team Office, and a further search revealed that, while the aftermarket compartment was empty, the glove box contained eight large bundles of U.S. currency totaling $29,940.

That same day, Leo was served with a notice of pending forfeiture for $27,940. A subsequent notice for the remaining $2,000 was later mailed to him. Thereafter, Leo filed two "Claim[s] of Seized Property" pursuant to La.R.S. 40:2610: one for the $27,940 and the other for the $2,000. On June 20, 2016, the State filed a peremptory exception of no standing and/or motion to strike based on Leo's failure to adhere to the provisions of La.R.S. 40:2610. After hearing and taking the matter under advisement, the trial court denied the State's exception and/or motion finding: "Defendant's Notice of Filing Claim and Claim of Seized Property meet the minimum requirements set out in [La.R.S.] 40:2610." The State now seeks review of the trial court's judgment.

## SUPERVISORY RELIEF

A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court. When the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam).

## ON THE MERITS

To have standing, a plaintiff must assert an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. *Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47. An action can only be brought by a person having a real and actual interest, which he asserts. La.Code Civ.P. art. 681. A motion to strike is provided for in La.Code

Civ.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." "A court must deny a motion to strike if there is any question of fact or law." *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-345, p. 7 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834.

In a forfeiture proceeding, an owner or interest holder, such as Mr. Leo, who wishes to file a claim on the property seized must submit an affidavit setting forth all of the following:

> (1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
> (2) The address where the claimant will accept mail.
> (3) The nature and extent of the claimant's interest in the property.
> (4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
> (5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
> (6) All essential facts supporting each assertion.
> (7) The specific relief sought.

La.R.S. 40:2610(B); *see also State v. $144,320.00*, 12-466 (La. 12/4/12), 105 So.3d 694 (*Beers*). "The failure to fulfill any of these requirements . . . precludes the owner or interest holder from further participation in the forfeiture proceedings." *State v. 2003 Infiniti G35 VIN No. JNKCV51E93MO24167*, 09-1193, p. 14 (La. 1/20/10), 27 So.3d 824, 834. Moreover, this court has found that, while the answers to some of the questions may be self-incriminating, the statute does not violate any constitutional guarantees, reasoning:

> If one does not wish to incriminate himself or subject himself to prosecution for perjury or false swearing, he simply does not file a claim under La.R.S. 40:2610, as the filing of such a claim is not

3

required. However, if a claim is filed under the statute, it must conform to the statute's requirements.

*State v. $80,000.00 U.S. Currency*, 02-224, p. 7 (La.App. 3 Cir. 10/2/02), 827 So.2d 634, 639.

The State herein argues that the trial court erred in denying its exception/motion because Leo, in his affidavit, failed to provide (1) the nature and extent of his interest in the property, citing La.R.S. 40:2610(B)(3); (2) the date, identity of the transferor, and the circumstances of his acquisition of the interest in the property, citing La.R.S. 40:2610(B)(4); and (3) the essential facts supporting each assertion that the property is not subject to forfeiture, citing La.R.S. 40:2610(B)(6). In support, the State cites this court's decision in *State v. $3,356,183.00 U.S. Currency*, 04-357 (La.App. 3 Cir. 3/2/05), 894 So.2d 339 (on rehearing), *writ denied*, 05-1785 (La. 1/13/06), 920 So.2d 242, in which the court affirmed the trial court's finding that a claim was deficient in that it similarly failed to provide information with regard to subsections (B)(3), (4), and (6).[1] The State also cites the supreme court's holding in *Beers* in which the court found two claims likewise failed to comply with subsections (B)(4) and (6) because the affidavits did not provide any details regarding how the claimants acquired the currency or

---

[1] This court explained:

> Mr. Bodendieck's purported claim is noticeably deficient with regard to Subsections B(3),(4) and (6), insofar as he states that he asserts an ownership interest, but fails to identify this interest with specificity. In the "Claim/Affidavit," Mr. Bodendieck states only that:
>
> > For Purposes of compliance with La.R.S. 40:2610, AFFIANT, DEAN BODENDICK [sic], asserts that he has an ownership and/or possessory interest in approximately $3,351,000.00 in U.S. Currency [the property] that was seized by the Louisiana State Police on or about October 8, 2003. Affiant has learned that a Notice of Pending Forfeiture has been issued asserting that the State of Louisiana intends to pursue forfeiture proceedings against the property pursuant to the Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act [La.R.S. 40:2600 et seq.].

*Id.* at 347 (alterations in original).

4

specify all essential facts supporting each assertion, even though one of the claimants attached her tax returns and tax receipts.[2]

Here, the State claims that, rather than indicating the nature and extent of his interest in the currency, Leo simply stated "$27,940.00 on one affidavit and $2,000.00 on the other affidavit." *See* Application, p. 5. And though he did state that "[a]cquisition of the $27,940.00 (and $2,000.00) dollars in US currency was through lawful means, in particular, funds were acquired from the lawful business transactions associated with claimant's business," the State argues that this does not specify or provide the details on how Leo acquired the currency through his alleged business transactions. *Id.* Moreover, Leo did not provide any documentation as to the dates, identity of the transferor, or the circumstances of his acquisition of the property. The State further claims Leo failed to provide any essential facts or even address the requirements of La.R.S. 40:2610(B)(6). Because the claims are clearly deficient, the State argues that its exception must be maintained and that this court must reverse the ruling of the trial court.

---

[2] The *Beers* court reasoned:

> As did the district court, we find both affidavits fail to comply with the requirements of La. R.S. 40:2610. Particularly, we agree the affidavits do not satisfy La. R.S. 40:2610(B)(4), which requires a claimant to specify "[t]he date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property." Both affidavits claim the money was accumulated savings, earned in part from the sale of automobiles, as evidenced by attached documentation. However, the affidavits do not provide any details regarding how the claimants acquired the alleged savings.
> Brittany did not attach any documentation to her affidavit, despite the reference to documentation made in her affidavit. Tina attached a 2007 W2 form showing earnings of $4,314.50 for the previous year. She also attached tax receipts for six automobiles having a total assessed value of $18,530. We find even if Tina alleged sufficient facts to show the tax receipts were based upon automobile sales yielding 100% profit and her earnings from those sales and other occupation went directly to savings, her explanation for the money would amount to roughly $23,000, despite her claiming 100% ownership of the $144,320 seized from her vehicle. Thus, we find the claims fail to satisfy La. R.S. 40:2610(B)(4). We also find the affidavits do not specify "all essential facts supporting each assertion" that the money was exempt from forfeiture as required by La. R.S. 40:2610(B)(6).

*Beers*, 105 So.3d at 702-03.

In its exception/motion, the State herein seeks to challenge Leo's right/standing to pursue his claim in light of his failure to comply with the requirements set forth in La.R.S. 40:2610(B)(3), (4), and (6). As the State recited, the case law from both this court and the supreme court requires a higher degree of specification and detail than that contained in Leo's claims, which were accepted by the court below. Applying that case law to the affidavits herein, we find that the trial court erred in denying the State's exception/motion. Because the resolution of this issue will dispose of this matter, we hereby grant the writ, make it peremptory and reverse the trial court's ruling.

## CONCLUSION

**WRIT GRANTED AND MADE PEREMPTORY.** We find that the trial court erred in denying the Peremptory Exception of No Standing and/or Motion to Strike filed by the State of Louisiana. We find that the Claim of Seized Property filed by the Respondent, Lenard Leo, failed to comply with La.R.S. 40:2610(B)(3), (4), and (6). *See State v. $3,356,183.00 U.S. Currency*, 04-357 (La.App. 3 Cir. 3/2/05), 894 So.2d 339 (on rehearing), *writ denied*, 05-1785 (La. 1/13/06), 920 So.2d 242. Therefore, we hereby reverse the trial court's ruling and enter judgment granting the State's exception and dismiss Respondent's claim with prejudice at Respondent's cost.